IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

GARY MATTHEWS, *
 *
      Plaintiff, *
 *
v. * Civil Case No. SAG-09-1410
 *
CAROLYN W. COLVIN, *
Acting Commissioner of Social Security, *
 *
      Defendant. *
 ******

## MEMORANDUM

This matter is before the Court by the parties' consent. (ECF Nos. 6, 7). Vincent Piazza, Esq. has filed a petition for attorney's fees pursuant to the Social Security Act, 42 U.S.C. § 406(b) and § 1383(d)(2).[1] (ECF No. 42). The Commissioner opposes Mr. Piazza's petition, alleging that it is untimely. (ECF No. 46). No hearing is necessary. Local Rule 105.6 (D. Md. 2011). For the reasons set forth below, Mr. Piazza's Petition for Attorney's Fees is DENIED.

**I. BACKGROUND**

On March 6, 2006, Gary Matthews filed applications for supplemental security income ("SSI") and disability insurance benefits ("DIB"). (ECF No. 42, Exh. 2 at 8). He was represented throughout the agency proceedings, and the subsequent court proceedings, by Mr. Piazza. *Id.* at 5. After benefits were denied through the administrative appeals process, on May 29, 2009, Mr. Matthews petitioned this Court to review the Social Security Administration's final decision to deny his claim. (ECF No. 1). After Mr. Matthews submitted a motion for summary judgment, (ECF No. 13), the Commissioner filed a consent motion to remand his claims to the agency under Sentence Four of 42 U.S.C. § 405(g). (ECF No. 37). This Court

---

[1] Mr. Matthews is still awaiting an award notice of past-due SSI benefits, (ECF No. 42 at 2), so any determination of fees pursuant to 42 U.S.C. § 1383(d)(2) would be premature.

1

granted the consent remand on December 29, 2010.  (ECF No. 38).

After the consent remand, on January 11, 2011, Mr. Matthews requested attorney's fees for Mr. Piazza under the Equal Access to Justice Act ("EAJA").  (ECF No. 39).  Mr. Piazza was granted $4,225.00 in EAJA fees for his 33.8 hours of work.[2]  (ECF No. 39, Exh. 2 and ECF No. 41).  After further proceedings at the agency, Administrative Law Judge William F. Clark found Mr. Matthews to be disabled, and to be eligible for SSI and DIB benefits from his alleged disability onset date of January 14, 2006.  (ECF No. 42, Exh. 2).  On September 17, 2013, the SSA sent Mr. Matthews and Mr. Piazza a Notice of Award, calculating the past-due DIB benefits owed to Mr. Matthews in the total amount of $50,889.00.  (ECF No. 42, Exh. 4).

Mr. Piazza filed the instant Petition for Attorney's Fees, pursuant to 42 U.S.C. § 406(b), on November 19, 2013.  (ECF No. 42).  Mr. Piazza now seeks $12,722.25 for his work in front of the federal district court.  *Id*.  $12,722.25 equals twenty-five percent of the past-due benefits awarded.

**II. ANALYSIS**

Upon an award of past-due benefits under Title II (DIB), 42 U.S.C. § 406(b) authorizes the payment of reasonable attorney's fees totaling no more than twenty-five percent of such benefits.  42 U.S.C. § 406(b).  The Social Security Act does not impose a time limit for fee petitions under § 406(b).  Rule 54(d)(2)(B) of the Federal Rules for Civil Procedures states, "Unless a statute or court order provides otherwise, the motion [for attorney's fees] must be filed no later than 14 days after entry of judgment."  Fed. R. Civ. P. 54(d)(2)(B)(i). The Local Rules for the United States District Court for the District of Maryland specify that a motion for attorney's fees under § 406(b) must be filed within thirty days of "the entry of judgment."  D.

---

[2] Neither the original application for attorney's fees nor the court order mention an intent to file later requests for additional fees under 42 U.S.C. § 406(b) or 42 U.S.C. § 1383(d)(2).

2

Md. R. 109.2(c). Furthermore, "[n]on-compliance with these time limits shall be deemed to be a waiver of any claim for attorney's fees." D. Md. R. 109.2(a).

The Commissioner argues that the December 29, 2010 court order for remand should be considered "the entry of judgment," and that Mr. Piazza's November 19, 2013 petition is untimely because it was filed nearly three years later. Def. Resp. at 4. This Court recently clarified that, under the current rules, the appropriate procedure for filing for attorney's fees under § 406(b) is to petition for the fees within thirty days of a Sentence Four remand. *Allen v. Colvin*, No. SAG-11-1668, slip op. at 2 n.2. The court should then defer adjudication of the petition until after past-due benefits have actually been awarded by the agency. *Id.* Although Mr. Piazza did not petition for fees under § 406(b) within thirty days of the Sentence Four remand, that failure is not necessarily fatal to his claim. Courts have recognized the inherent difficulty with requiring an attorney to seek an award of fees under § 406(b), which generally consists of a percentage of past-due benefits, before the agency has even determined whether any past-due benefits are warranted. While the Fourth Circuit has never reached the issue, other courts have attempted to ameliorate the difficulty by running the time for filing a § 406(b) fee petition from the date of counsel's receipt of the SSA's Notice of Award, not from the date of an earlier remand order. *See Walker v. Astrue*, 593 F.3d 274, 280 (3d Cir. 2010) (holding that it is appropriate to toll the filing deadline for a petition for attorney's fees under 406(b) until the date the attorney is notified of the Notice of Award); *Jones v. Astrue*, 1:09CV61, 2012 WL 2568083, at *1 (W.D.N.C. June 29, 2012) (finding a petition filed eight months after the court's remand order timely based on an earlier extension of the time in which Plaintiff's counsel could seek attorney's fees under § 406(b) to a period thirty days after the final Notice of Award); *see also In Re: Procedures for Applying for Attorney's Fees Under 42 U.S.C. §§ 406(b) And 1383(d)(2)*,

Standing Order No. 08-03 (N.D. Ga. 2008) (standing order requiring fee petitions to be filed no later than 30 days of the date of the Social Security letter containing the past-due benefit calculation).

However, in this case, this Court need not decide whether "the entry of judgment" should be the date of the consent remand or the date of the Notice of Award. Even if this Court were to apply the doctrine of equitable tolling and use the later date of the September 17, 2013 Notice of Award, Mr. Piazza's petition is untimely. His November 19, 2013 petition was submitted sixty-three days after the date of the Notice of Award, thereby clearly violating the thirty-day deadline imposed by Local Rule 109.2(c). In accordance with Local Rule 109.2(a), his non-compliance is deemed to be a waiver of any claim for attorney's fees for his work before the district court. Of course, Mr. Piazza remains free to seek fees from the agency pursuant to 42 U.S.C. § 406(a), if he has not already done so.[3]

### III. CONCLUSION

Based on the foregoing, the Court denies Mr. Piazza's Petition for Attorney's Fees. A separate order follows.


Dated: January 24, 2014                                   /s/
                                                 Stephanie A. Gallagher
                                                 United States Magistrate Judge

---

[3] Besides being untimely, Mr. Piazza's petition has another significant deficiency. Mr. Piazza has attached a contingent fee agreement, (ECF No. 42, Exh. 3), which he asserts memorializes an agreement with Mr. Matthews that his fee would be "25% of the client's retroactive Social Security benefits." However, the agreement does not, in fact, include any such language. The agreement reads, "[My attorney and I] agree that if the SSA favorably decides the claim *at any stage through the first hearing at the Administrative Law Judge level*, I will pay my attorney *a maximum fee of the lower of* (a) 25% of all past-due benefits, or (b) $5,300.00 or the applicable maximum amount set by the Commissioner pursuant to 42 U.S.C. 406(a)." (emphasis added). On its face, the agreement does not govern representation before this Court, or demonstrate that Mr. Matthews ever agreed to a fee totaling more than the $6,000 maximum set by the Commissioner under § 406(a) at the relevant time.